# DECLARATION of SEAN CUMMINGS

I, Sean Cummings, do hereby declare:

## BACKGROUND/EXPERIENCE

1.      I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) and have been since 1999.  Prior to this, I was a Police Officer and Detective at the Eureka Police Department in Eureka, California.  My current assignment is at the Eugene Resident Office in Oregon.  My training and experience include completion of the DEA basic training academy.  This training included the investigation, detection, and identification of controlled substances.  I have consulted and conversed with several other agents and officers from various local, state, and federal agencies on various drug cases, including the distribution of heroin, cocaine, methamphetamine, marijuana, and other controlled substances.  As a result of this and my own experience and training, I am familiar with heroin, cocaine, methamphetamine, marijuana, and other controlled substances and the methods employed by traffickers of these substances.

## PURPOSE OF THIS DECLARATION

2.      This declaration is submitted in support of a complaint *in rem* for forfeiture of the property located at 38710 Highway 58 Dexter, Oregon (hereinafter referred to as "**Defendant Real Property**"), generally described by Lane County as follows:

> A tract of land situated at 38710 Highway 58, Dexter, Lane County, Oregon, more fully described as an approximately 9.05-acre parcel that contains a 60'x40' metal building, a 20'x12' metal storage shed, an "L" shaped metal building that measures approximately 80'x65.  There is no residential building on the property permitted but there is an apartment type bedroom on the west side of the "L" shaped building with an entry door and two garage doors.  All of the buildings on the property are white in color.  The entrance to 38710 Hwy 58 is an unmarked gravel entryway with a telephone pole on the right side of the driveway.  The driveway has a white metal gate across it.  The property is located on the South side of Highway 58 East of Fox Lane.

>   According to the Lane County real property tax statement the property is at Map and Tax Lot: 19-01-17-00-00200, under account number 0819035.

3.  In this declaration I will demonstrate, based on the evidence I have reviewed, that there is probable cause to believe, and I do believe, that **Defendant Real Property** was used or intended to be used to facilitate the illegal production, conversion, and distribution of marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

4.  The facts in this declaration come from my personal observations, my training and experience, and information obtained from other agents, deputies, and officers. This declaration is for the limited purpose of establishing probable cause. Therefore, I have not set forth each fact learned during the investigation, but only those facts and circumstances necessary to establish probable cause.

## REAL PROPERTY ASSESSMENT REPORT

5.  Lane County Assessment and Taxation records for 2023 shows that Clutter Busters LLC is the owner of **Defendant Real Property**, and Liam Gibboney (Gibboney) is listed as the taxpayer. Lane County records also show that the owner's and the taxpayer's address are both listed as XXXX Saratoga Street, Eugene, Oregon, (hereinafter referred to as Saratoga Residence).

6.  Based on records from the Oregon Secretary of State, Articles of Organization show that Attorney/Organizer James R. Dole (Dole) in Grants Pass, Oregon registered Clutter Busters LLC with the Corporate Division on November 30, 2023. Dole listed Liam Asa Gibboney as an "Individual with Direct Knowledge and Member/Manager." No other members or managers were listed.

## SUMMARY OF THE INVESTIGATION

7.     In January 2023, the Lane County Sheriff's Office (LCSO) received an anonymous tip regarding the strong odor of marijuana coming from **Defendant Real Property**. On January 17, 2023, LCSO Detective Arik Schenfeld (Detective Schenfeld) checked with Oregon Medical Marijuana Program (OMMP), Oregon Liquor Control and Cannabis (OLCC), and Oregon Department of Agriculture and found that the location was not licensed with any of the listed licensing agencies.  Detective Schenfeld went to the area on multiple occasions and was able to smell the strong odor of green growing marijuana.  Neighbors also reported to LCSO the overwhelming odor of marijuana coming from **Defendant Real Property**.  Detective Schenfeld then started conducting surveillance at **Defendant Real Property**.

8.     A Lane County property database showed that Gibboney purchased **Defendant Real Property** on June 29, 2023, for $388,000. Gibboney then sold the property on December 1, 2023, to Clutter Busters LLC for what appears to be zero dollars.  Gibboney is the sole member/manager and individual with direct knowledge for Clutter Busters LLC, which was registered with the Oregon Secretary of State just days before the transfer of **Defendant Real Property** from Gibboney to Clutter Busters LLC.  The mailing address for Clutter Busters LLC is also Gibboney's personal residence, the Saratoga Residence.

9.     On January 12, 2024, Detective Schenfeld again contacted the OLCC and OMMP and learned **Defendant Real Property** was still not in their databases as a registered grow site. LCSO also requested and received power and subscriber information from Lane Electric Co-Op for the **Defendant Real Property**. The records listed Gibboney as the subscriber on the account, account #5192400, with a billing address of the Saratoga Residence.

10. Lane Electric Co-Op records showed that over an eight-month period, the power usage for **Defendant Real Property** had a low of 37,456 KWH and a high of 45,001 KWH. According to Lane Electric Co-Op, a typical residence uses between 800 and 2000 KWH per month. The payments on the account were made by credit card, money order, check, and cash; and the amounts varied between $2,400 and $5,400.

11. In January 2024, surveillance showed a dual-axle tanker truck with $CO_2$ arrived at **Defendant Real Property** at about 6:39 p.m. Detective Schenfeld knew from experience that it is common for commercial marijuana growers to use $CO_2$ to increase yield and cut down on grow time. On January 27, 2024, and February 19, 2024, Detective Schenfeld also observed Gibboney delivering what appeared to be potting soil or dirt to **Defendant Real Property**.

12. Between January 17, 2024, and March 8, 2024, Detective Schenfeld observed Gibboney working at the marijuana cultivation site at **Defendant Real Property** on multiple occasions. Below is a photograph taken of Gibboney and his Toyota pickup truck at the **Defendant Real Property**.



13.     Lane County Assessment and Taxation records showed that on March 11, 2024, Gibboney paid the taxes on the **Defendant Real Property** using check # 1270 from a second LLC identified as ALL STARZ INSTALLATIONS, also using the Saratoga Residence address. Oregon Secretary of State records showed Gibboney registered ALL STARZ INSTALLATIONS as an Assumed Business Name (ABN) on January 24, 2017, listing its business activity as Car Audio with an address of XXX Conger Street in Eugene, Oregon.  The ABN became inactive however on or about March 21, 2019, for failure to renew the registration.

## Search Warrants

14.     On March 15, 2024, LCSO and DEA Eugene executed two state search warrants, one at **Defendant Real Property** and one at the Saratoga Residence.  During the execution of the warrant, law enforcement contacted and detained Keoki Kaleikini, (Kaleikini), the occupant at **Defendant Real Property**, and Liam Gibboney at the Saratoga Residence.

15.     During the warrant at **Defendant Real Property**, over 1,900 illegal marijuana plants, as shown below, were seized and destroyed from two large metal buildings constructed on the property.  The THC levels of several plants were tested onsite by officers using a Detectachem CBD/THC mobile detect pouch.  The mobile detect pouch is set to detect THC content above the 0.3% level and alerted to the presence of THC above the 0.3% level.




16. The metal buildings at **Defendant Real Property** were approximately 60 feet by 40 feet and 80 feet by 65 feet. Both large metal buildings were found to have been converted to cultivate and process marijuana, with a drying room attached to the 60 foot by 40 foot metal building. An estimated 200 pounds of dried processed marijuana were also seized and destroyed.

17. During the execution of the warrant at **Defendant Real Property**, Kaleikini provided officers a statement. Kaleikini stated that he had been living at **Defendant Real Property** for about a year and did not pay rent to live there. Kaleikini explained that he cleaned and occasionally tended to the plants. Kaleikini stated that he had known Gibboney for a few years and that the person who introduced him to Gibboney had told him it was a medical grow.

18. Based on **Defendant Real Property** not being licensed by any State of Oregon Agency as a medicinal marijuana cultivation operation or a hemp cultivation operation and based upon the size of the cultivation operation, it appears that this structure was intended to be used for the illegal cultivation of marijuana on a commercial scale. Based on my training and experience and that of other law enforcement officers present at **Defendant Real Property,** this operation was functioning to maximize marijuana yield in a level consistent with the distribution of marijuana in large quantities.

19. During the execution of a search warrant at the Saratoga Residence, law enforcement located and seized over 200 suspected fentanyl pills, 5 bags of suspected psilocybin mushrooms, and 75 pounds of dried processed marijuana. Officers also seized from the residence $40,575 in U.S. Currency, a 2016 Toyota Tundra, 42 guns, 6 suppressors, and over 122,000 rounds of ammunition.

20. During the execution of the warrant at the Saratoga Residence, law enforcement also found a grow room set up in the basement of the Saratoga Residence with no plants.

Although it was not currently being used to grow marijuana, it was ready to operate a grow and would accommodate approximately 100 marijuana plants.

## CONCLUSION

21. The evidence in this declaration provides probable cause to believe, and I do believe that **Defendant Real Property** was used and intended to be used to facilitate the illegal production, conversion, and distribution of marijuana, in violation of 21 U.S.C. §§ 841, 846, and 856, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 29th day April 2024.

s/ *Sean Cummings*
Sean Cummings
Special Agent
Drug Enforcement Administration